[Cite as *In re D.C.*, 2015-Ohio-4756.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
|  | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| IN THE MATTER OF: | Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
|  |  |
| D.C. | Case No. 15 CA 57 |
|  |  |
| DEPENDENT CHILD | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Juvenile Division, Case No. 2012 DEP 143 |
| | |
| JUDGMENT: | Affirmed |
| | |
| DATE OF JUDGMENT ENTRY: | November 18, 2015 |

APPEARANCES:

| For Appellant Father | For Appellee |
|---|---|
| JOHN C. O'DONNELL<br>13 Park Avenue West<br>Suite 300<br>Mansfield, Ohio 44902 | TIFFANY D. BIRD<br>CHILDREN SERVICES<br>731 Scholl Road<br>Mansfield, Ohio 44907 |

*Wise, J.*

**{¶1}.** Appellant Dennis Caldwell appeals the decision of the Richland County Court of Common Pleas, Juvenile Division, which granted permanent custody of his son, D.C., to Appellee Richland County Children Services ("RCCS"). The relevant facts leading to this appeal are as follows.

**{¶2}.** On October 16, 2012, following several months of attempted voluntary services, Appellee RCCS filed a complaint alleging D.C., born in 2008, was dependent, neglected, and/or abused. The concerns centered on possible substance abuse regarding the child's mother, Reena Caldwell, and domestic violence issues regarding Appellant Dennis Caldwell.[1] The agency's complaint was later amended to a dependency allegation only.

**{¶3}.** The mother, Reena, stipulated to a dependency finding. Appellant disputed such finding, and the matter was reviewed via an evidentiary hearing. A judgment entry of dependency was issued by the trial court on February 11, 2013.

**{¶4}.** In the meantime, on or about November 29, 2012, pursuant to a magistrate's order, D.C was placed in the temporary custody of Twila McFairen, his maternal grandmother, who also had temporary custody or placement of D.C's two minor half-siblings, B.R. and J.R. Protective supervision was granted to RCCS. D.C. was also placed with an adult half-brother, Dennis Caldwell III, for about two weeks in February 2013. However, the grandmother had issues of her own, particularly the problem of inadequate housing, despite a number of attempts by the agency to procure

---

[1] The mother of D.C., Reena Caldwell, has not pursued an appeal of the grant of permanent custody. The record reveals her participation in the agency's case plan was virtually non-existent.

assistance for her. Ultimately, on July 29, 2013, D.C. and his half-siblings were removed from the grandmother's care, and D.C. was placed with a foster family. Temporary custody was returned to RCCS.

{¶5}. In addition, in July 2013, an incident of domestic violence took place between appellant and Reena, D.C.'s mother. Appellant was ultimately charged with and convicted of felony counts of domestic violence and abduction, and he was sentenced to prison until July 2016.

{¶6}. On July 3, 2014, RCCS filed a motion for permanent custody.

{¶7}. The matter of permanent custody, as well as various dispositional motions filed by the parties, came on for trial before a magistrate on October 6 and 8, and December 10, 2014.

{¶8}. On January 14, 2015, the magistrate issued a detailed 23-page decision recommending permanent custody of D.C. to the agency.

{¶9}. On January 23, 2015, appellant filed an objection to the magistrate's decision. Via judgment entry filed on June 11, 2015, the trial court upheld the magistrate's decision and thereby granted permanent custody of D.C. to RCCS.

{¶10}. On June 30, 2015, appellant filed a notice of appeal. He herein raises the following two Assignments of Error:

{¶11}. "I.  [THE] TRIAL COURT'S CONCLUSION THAT PERMANENT CUSTODY WAS WARRANTED IS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE.

{¶12}. "II. [THE] TRIAL COURT COMMITTED PREJUDICIAL ERROR BY FAILING TO GRANT [A] CONTINUANCE OF THE PERMANENT CUSTODY HEARING."

I.

{¶13}. In his First Assignment of Error, appellant challenges the trial court's grant of permanent custody of D.C. to Appellee RCCS.

{¶14}. R.C. 2151.414(B)(1) states in relevant part as follows:

{¶15}. "(B)(1) Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:

{¶16}. "(a) The child is not abandoned or orphaned, has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period if, as described in division (D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.

{¶17}. "(b) The child is abandoned.

**{¶18}.** "(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.

**{¶19}.** "(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, or the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period and, as described in division (D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state.

**{¶20}.** "(e) The child or another child in the custody of the parent or parents from whose custody the child has been removed has been adjudicated an abused, neglected, or dependent child on three separate occasions by any court in this state or another state."

**{¶21}.** We note the magistrate in the case *sub judice* relied on R.C. 2151.414(B)(1)(a), *supra*, as well as R.C. 2151.414(B)(1)(d), *supra*, sometimes termed the "twelve of twenty-two" rule. It is well-established that (B)(1)(a) and (B)(1)(d) are independently sufficient to use as a basis to grant an agency's motion for permanent custody. *See In re M.R.,* 3d Dist. Defiance No. 4–12–18, 2013–Ohio–1302, ¶ 80. In this instance, it is undisputed that at the time of the filing of the permanent custody motion, D.C. had been in agency custody for more than twelve months within a twenty-two month period. Under these circumstances, we are compelled, based on R.C. 2151.414(B)(1)(d), to directly proceed to an analysis of the best interest issue. *See,*

*e.g.*, *In re Walton/Fortson Children,* Stark App.No. 2007CA00200, 2007–Ohio–5819, ¶ 14.

**{¶22}.** In proceeding to the best interest issue, we first note that as an appellate court, we are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base his or her judgment. *Cross Truck v. Jeffries,* 5th Dist. Stark No. CA–5758, 1982 WL 2911. A reviewing court must determine whether the finder of fact, in resolving conflicts in the evidence, clearly lost his or her way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. *See Hunter v. Green,* 5th Dist. Coshocton No. 12–CA–2, 2012–Ohio–5801, 2012 WL 6094172, ¶ 25, citing *Eastley v. Volkman,* 132 Ohio St.3d 328, 972 N.E.2d 517, 2012–Ohio–2179. It is well-established that the trial court is in the best position to determine the credibility of witnesses. *See, e.g., In re Brown,* 9th Dist. Summit No. 21004, 2002–Ohio–3405, ¶ 9, citing *State v. DeHass* (1967), 10 Ohio St .2d 230, 227 N.E.2d 212. Furthermore, "[t]he discretion which the juvenile court enjoys in determining whether an order of permanent custody is in the best interest of a child should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned." *In re Mauzy Children,* 5th Dist. Stark No. 2000CA00244, 2000 WL 1700073, quoting *In re Awkal* (1994), 95 Ohio App.3d 309, 316, 642 N.E.2d 424.

**{¶23}.** In determining the best interest of a child for purposes of a permanent custody disposition, the trial court is required to consider all relevant factors, including,

but not limited to, the factors contained in R.C. 2151.414(D)(1). These statutory factors are as follows:

{¶24}. "(a) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;

{¶25}. "(b) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;

{¶26}. "(c) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, or the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period and, as described in division (D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state;

{¶27}. "(d) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;

{¶28}. "(e) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."

{¶29}. In the case *sub judice*, the focus of appellant's argument is that D.C.'s best interest would be better served by permitting legal custody or further placement with Twila McFairen, the maternal grandmother. *See, e.g.*, Appellant's Brief at 16. We

note testimony by the RCCS caseworker, Amanda Campbell, indicated D.C. has developed a bond with his foster parents; Campbell indicated that this is unfortunately not an adoptive placement and that another foster home will have to be found. The record further indicates that D.C. and his half-siblings, B.R. and J.R., would prefer to stay with Twila. However, the guardian ad litem, Sandra Convoy, who served throughout the case, recommended permanent custody. *See* R.C. 2151.414(D)(1)(b).

{¶30}. Furthermore, a recurring theme in the testimony was Twila's problems with obtaining and maintaining adequate housing for D.C. and the other two children. At the outset, Twila had a one-bedroom apartment for herself and the three boys, D.C., B.R., and J.R. In April 2013, RCCS became aware of Twila's failure to pay rent for the previous six months. Furthermore, the apartment building had been found to have a bedbug infestation, and Twila was facing eviction by the landlord. RCCS assisted Twila in obtaining a new residence, but she was soon evicted from that location and was forced to move into the Harmony House homeless shelter for several months. She then obtained another apartment, but it was again a one-bedroom design. Appellant presently concedes that Twila is dependent upon financial assistance for furniture and an apartment of sufficient size, as her social security income and other assistance is inadequate. *See* R.C. 2151.414(D)(1)(d).

{¶31}. The testimony also revealed significant questions about Twila's long-term parenting capabilities. While we must avoid overemphasizing any one event within the formidable task of taking care of three grandchildren, an event described by the

caseworker, Ms. Campbell, is noteworthy.[2]　She described a recent supervised visit between Twila, D.C., and his half-brothers involving a trip to a buffet restaurant as a "disaster," with D.C. running around the facility and playing in the food on the serving line, unable to be controlled by the apparently unconcerned grandmother. *See* Tr. at 382-383. Twila had also allowed appellant to violate a no-contact order earlier in the case (prior to his incarceration), and she has refused to take part in further parenting education programs. We also reiterate that D.C. was in agency custody for more than twelve months out of twenty-two at the time of the permanent custody motion. *See* R.C. 2151.414(D)(1)(c).

**{¶32}.** Accordingly, upon review of the record and the findings of fact and conclusions of law therein, we find no basis to alter the decision of the trier of fact, and we conclude the grant of permanent custody of D.C. to RCCS in lieu of legal custody or further placement with the grandmother was made in the consideration of the child's best interests and did not constitute an error or an abuse of discretion.

**{¶33}.** Appellant's First Assignment of Error is overruled.

II.

**{¶34}.** In his Second Assignment of Error, appellant contends the trial court committed reversible error in denying his trial counsel's oral motion to continue the trial before the magistrate. We disagree.

**{¶35}.** A trial court has the inherent authority to manage its own proceedings and control its own docket. *Love Properties, Inc. v. Kyles,* 5th Dist. Stark No. 2006CA00101, 2007–Ohio–1966, ¶ 37, citing *State ex rel. Nat. City Bank v. Maloney,*

---

[2]　The complete transcript in this matter runs more than 500 pages and incorporates the testimony of ten witnesses.

7th Dist. Mahoning No. 03 MA 139, 2003–Ohio–7010, ¶ 5. Specifically, the grant or denial of a continuance is a matter entrusted to the broad, sound discretion of the trial court. *Polaris Ventures IV, Ltd. v. Silverman,* 5th Dist. Delaware No. 2005 CAE 11 0080, 2006–Ohio–4138, ¶ 14, citing *State v. Unger* (1981), 67 Ohio St.2d 65, 423 N.E.2d 1078. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable, and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.

{¶36}. The record herein reveals that at the commencement of trial, appellant's trial counsel stated: " *** [M]y client is asking for a continuation of this hearing until such time as [he and Reena Caldwell] can communicate and come to some resolution, either with regards to the disposition or at least with regards to preparing for hearing." Tr. at 12.

{¶37}. We presently note appellant's objection and amended objection to the decision of the magistrate do not set forth a challenge to the decision to deny a continuance. Juv.R. 40(D)(3)(b)(iv) clearly states that "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Juv.R. 40(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Juv.R. 40(D)(3)(b)." However, it appears the trial court permitted appellant to file an addendum to his objections, at which time the magistrate's denial of the request for a trial continuance was brought up. The addendum was filed on May 20, 2015, more than three months after the objections.

Nevertheless, upon review, we find it reasonable to conclude that appellant directly contributed to the circumstances leading to his request to continue, *i.e.*, his incarceration and the criminal no-contact order issued because of his violent behavior toward D.C.'s mother. As such, we find no abuse of discretion or plain error on the issue of the denied continuance under the circumstances presented.

**{¶38}.** Accordingly, appellant's Second Assignment of Error is overruled.

**{¶39}.** For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Richland County, Ohio, is hereby affirmed.


By: Wise, J.

Gwin, P. J., and

Farmer, J., concur.


JWW/d 1104